IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
July 29, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

| | | |
|---|---|---|
| DANIEL GRAHAM<br>*Plaintiff,*<br><br>VS<br><br>ALLSTATE INSURANCE COMPANY, YASIR KHAN, WESTRIDGE LLC, DIRECT CONSENT LLC, and JOHN DOE OWNER OF DIRECT CONSENT LLC,<br>*Defendant,* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:25-cv-01070 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

I. INTRODUCTION

1. This is an action for damages and injunctive relief for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Texas Business and Commerce Code §§ 302.101 et seq., based on repeated unauthorized and illegal telemarketing calls to Plaintiff's personal telephone numbers, which are registered on the national and Texas do-not-call registries.

2. Plaintiff alleges Defendants knowingly and willfully engaged in a scheme of illegal telemarketing involving auto-dialers, spoofed caller IDs, undisclosed entities, and layers of concealment, culminating in direct harassing solicitations for insurance services without proper consent.

3. Plaintiff seeks statutory damages, treble damages for willful violations, punitive damages under Texas law, and injunctive relief to prevent further violations.

II. PARTIES

4. Plaintiff Daniel Graham is a natural person residing at 3600 S Lamar Blvd, Unit 114, Austin, Texas 78704.

5. Defendant Allstate Insurance Company ("Allstate") is an insurance company that does business in Texas and maintains relationships with local agents authorized to use its brand in the sale of its product.

6. Defendant Yasir Khan is an insurance agent operating under the Allstate brand in Texas. Khan operates with Allstate's authority, accesses proprietary systems, and enters contracts on Allstate's behalf. Yasir Khan is the owner and manager of Westridge LLC

7. Defendant Westridge LLC is a Texas limited liability company and participated in the telemarketing scheme described herein.

8. Defendant Direct Consent LLC is a Wyoming limited liability company that supplied and coordinated the unlawful calls and transfers referenced in this Complaint.

9. Defendant John Doe is the individual owner or controller of Direct Consent LLC whose identity is currently unknown.

## III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

11. This Court has supplemental jurisdiction over the Texas state law claims under 28 U.S.C. § 1367.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred here.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff's personal telephone number ending in 8358 is registered on the National Do Not Call Registry, and has been registered since June 2nd 2021.

14. Plaintiff's personal telephone number ending in 8358 is registered on the Texas Do Not Call Registry, and has been for more than 12 months prior to June 13, 2025.

15. Plaintiff has never given written consent for any of the defendants to contact him for solicitation purposes.

16. Plaintiff has no established business relationship with any of the defendants.

17. Plaintiff's phone number involved in this case is a residential cell phones for personal use.

18. On June 13, 2025, Plaintiff received a call on his number ending in 8358 from 214-969-1774 with a spoofed caller ID reading "HOLLAND KNIGHT." This call contained a distinct click which is a recognizable mark of an auto dialer system. This caller claimed to be calling on

behalf of All State and refused to provide any other identifying information as required by law.

19. Plaintiff, knowing his phone number ending in 8358 is blacklisted, and without continuing with the call the identity of the caller could not be obtained, instructed the caller to call back on another personal number ending in 7263.

20. The caller hung up and called the Plaintiff's number ending in 7263, again spoofing the phone number, this time showing the call from 214-387-3309.

21. The call was transferred to an agent, who expressly acknowledged that the call was made even if the number was on the do-not-call list. This agent also failed to provide identifying information. This agent transferred the call to Joshua Bailey.

22. Mr. Bailey confirmed the caller's prior statements, indicated the prior calls were part of the same team, and proceeded with a sales pitch. Plaintiff then informed Bailey that his number was on the national and state do-not-call lists. Mr. Bailey was dismissive and referred to Direct Consent LLC's script, which expressly acknowledges calling numbers on the Do Not Call list. Plaintiff requested a copy of the company's Do Not Call Policy. Mr. Bailey refused.

23. Through internet searches, plaintiff confirmed Joshua Bailey worked under Yasir Khan's Allstate agency and the company Westridge LLC.

24. Plaintiff later called Yasir Khan's Allstate office to confirm Joshua Bailey was part of that office. The office indicated he was, at which time plaintiff requested a copy of the office's Do Not Call Policy, which they again refused to provide.

25. In addition to the calls above, Plaintiff has received no less than 282 telemarketing calls between the dates of May 12th, 2025 and July 28th, 2025 with many of these calls containing distinctly similar characteristics such as falsely representing themselves as attorneys through caller id, use of the name All State, and a similar sounding initial caller.

26. Based on these similar characteristics, suspicion, and believe, Plaintiff believes that an unknown number greater than one of the previous telemarketing calls are from the defendants as well. The exact number of prior calls associated with the defendants are impossible to determine without further investigation due to the illegal identity concealment which the Defendants intentionally engaged in.

27. When confronted with these facts, Yasir Khan indicated Direct Consent LLC was the marketing affiliate. Yasir Khan ratified Direct Consent's agency by defending their actions, supporting their illegal telemarketing practices with fabricated evidence and allegations that

the calls were not actual solicitations, and continued to pay for and receive the benefits from Direct Consent's illegal calls.

28. Yasir Khan had prior knowledge of TCPA violations by Direct Consent LLC and continued to use them despite these violations, and indicated by his and his employees acknowledgement of the script read by Direct Consent prior to transferring the call. This script explicitly acknowledges that the calls are made to numbers on state and federal do not call lists.

29. Allstate knowingly allows Yasir Khan to use its brand, likeness, and proprietary systems and to contract on its behalf.

30. Defendants acted with knowing and willful disregard for the TCPA and Texas telemarketing laws.

31. These calls caused a nuisance and invasion of privacy.
32. Yasir Khan and Westridge acted with open and public authority on behalf of Allstate.
33. Yasir Khan and Westridge were aware of calls being made to numbers on the Federal and State do not call lists, as this acknowledgement of these violations is explicit in the call script used by Direct Consent, and the portion of this script which references calls made to numbers on federal and state do not call lists is referenced by Yasir Khan and Westridge.
34. Direct Consent LLC's behavior was ratified by Yasir Khan and Westridge in that they have continued to use Direct Consent LLC after being made aware of the facts of this case.

V. HARM AND DAMAGES

35. The harm caused by the Defendants' disregard for privacy rights established by the TCPA are actual and affirmed by multiple court cases (Salcedo v. Hanna, No. 17-14077 (11th Cir. Aug. 28, 2019); (Susinno v. Work Out World Inc, No. 16-3277 (3d Cir. 2017)). These harms include:
36. An invasion of privacy;
37. Intrusion upon seclusion;
38. Incremental drain on cell phone battery life;
39. Annoyance and harassment;
40. A distraction during work to the point of nuisance
41. Furthermore, the distraction caused by unlawful calls has directly contributed to Plaintiff's struggle to focus on a given tasks at work. This has resulted in hundreds of dollars in actual expense for mental health examinations and prescription drugs.

VI. COUNTS

42. Count 1: Violation of 47 U.S.C. § 227(c)(5) – Do Not Call List

43. Count 2: Violation of 47 C.F.R. § 64.1200(d) – Internal DNC Policy Requirements
44. Count 3: Violation of 47 U.S.C. § 227(b)(1)(A) – Use of ATDS (pled in alternative)
45. Count 4: Violation of Texas Business & Commerce Code § 302.101
46. Count 5: Violation of Texas Business & Commerce Code § 302.302 (Failure to identify)

VII. PRAYER AND RELIEF

47. The Plaintiff is seeking the following damages:
48. $500 per call to a number on the National Do Not Call Registry (§ 227(c)(5)).
49. $500 per call to a number on the Texas Do Not Call List (Tex. Bus. & Com. Code § 302.101).
50. $500 per call where Defendants failed to identify themselves (Tex. Bus. & Com. Code § 302.302).
51. $500 per call where Defendants failed to identify themselves (47 C.F.R. § 64.1200(d)(4)).
52. $500 per call where Defendants used an auto dialer (§ 227(b)(1)(A)) — if applicable.
53. $500 per call where Defendants refused to provide a copy of their internal Do Not Call policy (47 C.F.R. § 64.1200(d)(1)-(6)).
54. Treble damages for all of the above under 47 U.S.C. § 227(b)(3) and (c)(5) for willful violations.
55. Plaintiff is not seeking relief for any event occurring prior to May 12th 2025.

Respectfully Submitted,

/s/ Daniel Graham
Pro Se Plaintiff
3600 S Lamar Blvd Unit 114
Austin TX 78704
214-236-7996

## CERTIFICATE OF SERVICE

By my signature below, I certify that on June 29th, 2025 I served the foregoing First Amended Complaint on the following parties via email:

- Counsel for Defendant Westridge LLC

- Counsel for Defendant Yasir Khan

Defendants Direct Consent LLC, Allstate Insurance Company, and John Doe have not yet been served. Plaintiff will serve these Defendants in accordance with Federal Rule of Civil Procedure 4.

Respectfully submitted,

Respectfully Submitted,

/s/ Daniel Graham
Pro Se Plaintiff
3600 S Lamar Blvd Unit 114
Austin TX 78704
214-236-7996