**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL GRAHAM,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**ALLSTATE INSURANCE COMPANY, YASIR KHAN, WESTRIDGE LLC, DIRECT CONSENT LLC, and JOHN DOE OWNER OF DIRECT CONSENT LLC,**<br><br>***Defendants,*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 1:25-CV-01070-RP** |

**DEFENDANTS YASIR KHAN AND WESTRIDGE LLC'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Yasir Khan ("Khan") and Westridge LLC ("Westridge") (together, "Defendants") hereby file their Original Answer to Plaintiff's First Amended Complaint [Doc. 5], and would respectfully show the Court the following:

## I. INTRODUCTION

1. Defendants admit only that Plaintiff asserts claims under the Telephone Consumer Protection Act ("TCPA"). Defendants deny the remaining allegations in Paragraph 1 of the Amended Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Amended Complaint.

3. Defendants admit only that Plaintiff seeks damages, but deny that Plaintiff is entitled to recover any such damages as alleged. Defendants deny the remaining allegations in Paragraph 3 of the Amended Complaint.

## II. PARTIES

4. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 4 of the Amended Complaint and therefore deny same.

5. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 5 of the Amended Complaint and therefore deny same.

6. Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7. Defendants admit only that Westridge LLC is a Texas limited liability company. Defendants deny the remaining allegations in Paragraph 7 of the Amended Complaint.

8. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 8 of the Amended Complaint and therefore deny same.

9. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 9 of the Amended Complaint and therefore deny same.

## III. JURISDICTION AND VENUE

10. With respect to Paragraph 10, Defendants admit only that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Defendants deny that any of wrongful acts identified in 47 U.S.C. § 227 occurred as alleged in Paragraph 10 of the Amended Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Amended Complaint.

12. With respect to Paragraph 12, Defendants admit only that venue is proper in this District pursuant to 28 U.S.C. § 1391. Defendants deny the remaining allegations in Paragraph 12 of the Amended Complaint.

## IV. FACTUAL ALLEGATIONS

13. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 13 of the Amended Complaint and therefore deny same.

14. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 14 of the Amended Complaint and therefore deny same.

15. Defendants deny the allegations in Paragraph 15 of the Amended Complaint.

16. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 16 of the Amended Complaint and therefore deny same.

17. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 17 of the Amended Complaint and therefore deny same.

18. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 18 of the Amended Complaint and therefore deny same.

19. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 19 of the Amended Complaint and therefore deny same.

20. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 20 of the Amended Complaint and therefore deny same.

21. With respect to Paragraph 21, Defendants admit only that the call was transferred to Joshua Bailey. Defendants deny the remaining allegations in Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Amended Complaint as stated.

23. Defendants admit only that Joshua Bailey is an employee of Khan's and is employed by Westridge. Defendants lack knowledge or information sufficient to form an opinion as to whether Plaintiff obtained this information via an internet search and therefore denies same. Defendants deny the remaining allegations in Paragraph 23 of the Amended Complaint.

24. Defendants admit only that Plaintiff contacted Khan's Allstate office sometime after June 13, 2025. Defendant deny the remaining allegations in Paragraph 24 of the Amended Complaint.

25. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 25 of the Amended Complaint and therefore deny same.

26. Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27. Defendants admit only that Plaintiff sent an email to Khan on June 13, 2025 in which Plaintiff made various unsupported allegations. Defendants deny the remaining allegations in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29. Defendants admit only that Khan operates a local Allstate agency. Defendants deny the remaining allegations in Paragraph 29 of the Amended Complaint.

30. Paragraph 30 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31. Paragraph 31 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32. Paragraph 32 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendant deny the allegations in Paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

## V. HARM AND DAMAGES

35. Paragraph 35 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36. Paragraph 36 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37. Paragraph 37 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38. Paragraph 38 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

39. Paragraph 39 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40. Paragraph 40 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41. Defendants lack knowledge or information sufficient to form an opinion as to the veracity of the allegations in Paragraph 41 of the Amended Complaint and therefore denies same.

## VI. COUNTS

42. Paragraph 42 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43. Paragraph 43 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44. Paragraph 44 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

45. Paragraph 45 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 45 of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint does not require an admission or denial as it is a conclusion of law. To the extent a response is required, Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

## VII. PRAYER AND RELIEF

47. Paragraph 47 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in Paragraph 47 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

48. Paragraph 48 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in

Paragraph 48 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

49. Paragraph 49 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in Paragraph 49 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

50. Paragraph 50 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in Paragraph 50 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

51. Paragraph 51 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

52. Paragraph 52 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in Paragraph 52 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

53. Paragraph 53 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

54. Paragraph 54 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in Paragraph 54 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

55. Paragraph 55 is a Prayer for Relief that does not require an admission or denial as it is a request for relief. To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Amended Complaint. It is affirmatively alleged that Plaintiff is not entitled to the relief requested.

## VIII. AFFIRMATIVE DEFENSES

Subject to Defendants' Answer above, and without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants assert the following affirmative defenses:

1. Plaintiff fails to state a claim against Defendants, in whole or in part, upon which relief can be granted.

2. Plaintiff may lack standing to maintain his claims against Defendants because, among other things, he has not sustained a legal injury.

3. Defendants have complied with the TCPA and are entitled to each and every defense stated in the Act and any and all limitations of liability.

4. Plaintiff's claims should be dismissed because Plaintiff cannot establish that the calls he allegedly received were sent via an automatic telephone dialing system.

5. Plaintiff's claims should be dismissed because the calls and/or voice messages Plaintiff allegedly received were sent with extensive human intervention.

6. Defendants invoke the defense of consent to all claims asserted in the Amended Complaint.

7. Plaintiff's alleged damages were caused, in whole or in part, by one or more parties for whom Defendants are not responsible.

8. Plaintiff's claims may be subject to dismissal pursuant to the doctrines of estoppel and/or waiver.

9. To the extent applicable, any damages Plaintiff claims in this matter should be barred or reduced due to his failure to mitigate such alleged damages.

10. To the extent Defendants violated the TCPA – which they deny – any such violations were not willful, thereby limiting Plaintiff's recovery, if any.

11. Defendants hereby give notice that they intend to rely upon additional defenses that may become available or appear during the proceedings in this case. Defendants additionally reserve the right to amend this Answer and Defenses to assert any such defenses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's First Amended Complaint, Defendants pray that:

(1) Plaintiff's claims be dismissed in their entirety and with prejudice, and all costs taxed against Plaintiff in favor of Defendants;

(2) Plaintiff be directed to pay Defendants' attorneys' fees; and

(3) Defendants be awarded such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ William J. Akins*

William J. Akins
State Bar No. 24011972
PIERSON FERDINAND LLP
Mail: 10501 Crow Wing Cove
Austin, Texas 78730
Office: 2021 Guadalupe Street, Suite 260
Austin, Texas 78701
Telephone: (214) 924-9504
william.akins@pierferd.com

*Counsel for Defendants Yasir Khan and Westridge LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and also served the Plaintiff by U.S. Mail as follows:

Daniel Graham
3600 S Lamar Blvd Unit 114
Austin, Texas 78704

*/s/ William J. Akins*
William J. Akins