**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL GRAHAM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALLSTATE INSURANCE COMPANY, YASIR KAHN, WESTRIDGE LLC, DIRECT CONSENT LLC, and JOHN DOE OWNER OF DIRECT CONSENT, LLC,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 1:25-CV-01070** |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Allstate Insurance Company ("Allstate") answers Plaintiff's First Amended Complaint ("FAC") as follows.

## I. INTRODUCTION

1. Allstate denies the allegations in paragraph 1 of the FAC as to the implication that Allstate may have made "repeated unauthorized and illegal telemarketing calls to Plaintiff's personal telephone numbers." Allstate lacks the requisite knowledge to admit or deny the remaining allegations.

2. Allstate denies the allegations in paragraph 2 of the FAC.

3. Allstate acknowledges the relief requested by Plaintiff in paragraph 3 of the FAC but denies Plaintiff is entitled to any relief by way of the FAC.

## II. PARTIES

4. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 4 of the FAC.

5. As to paragraph 5 of the FAC, Allstate admits only that it is an insurance company that does business in the state of Texas. Allstate denies the allegation that Allstate "maintains relationships with local agents authorized to use its brand in the sale of its product" as stated.

6. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 6 of the FAC.

7. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 7 of the FAC.

8. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 8 of the FAC.

9. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 9 of the FAC.

## III. JURISDICTION AND VENUE

10. Allstate does not dispute the statements in paragraph 10 of the FAC.

11. Allstate does not dispute the statements in paragraph 11 of the FAC.

12. Allstate does not dispute the statements in paragraph 12 of the FAC.

## IV. FACTUAL ALLEGATIONS

13. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 13 of the FAC, and, on that basis, denies the allegations.

14. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 14 of the FAC, and, on that basis, denies the allegations.

15. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 15 of the FAC, and, on that basis, denies the allegations.

16. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 16 of the FAC, and, on that basis, denies the allegations.

17. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 17 of the FAC, and, on that basis, denies the allegations.

18. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 18 of the FAC, and, on that basis, denies the allegations.

19. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 19 of the FAC, and, on that basis, denies the allegations.

20. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 20 of the FAC, and, on that basis, denies the allegations.

21. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 21 of the FAC, and, on that basis, denies the allegations.

22. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 22 of the FAC, and, on that basis, denies the allegations.

23. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 23 of the FAC, and, on that basis, denies the allegations.

24. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 24 of the FAC, and, on that basis, denies the allegations.

25. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 25 of the FAC, and, on that basis, denies the allegations.

26. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 26 of the FAC, and, on that basis, denies the allegations.

27. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 27 of the FAC, and, on that basis, denies the allegations.

28. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 28 of the FAC, and, on that basis, denies the allegations.

29. Allstate denies the allegations stated in paragraph 29 of the FAC.

30. Allstate denies the allegations stated in paragraph 30 of the FAC as alleged against Allstate.

31. Allstate denies the allegations stated in paragraph 31 of the FAC.

32. Allstate denies the allegations stated in paragraph 32 of the FAC.

33. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 33 of the FAC, and, on that basis, denies the allegations.

34. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 34 of the FAC, and, on that basis, denies the allegations.

## V. HARM AND DAMAGES

35. The allegations stated in paragraph 35 of the FAC express legal conclusions which do not require a response. To the extent a response is required, Allstate denies those allegations.

36. To the extent paragraph 36 of the FAC is construed to include allegations, Allstate denies those allegations.

37. To the extent paragraph 37 of the FAC is construed to include allegations, Allstate denies those allegations.

38. To the extent paragraph 38 of the FAC is construed to include allegations, Allstate denies those allegations.

39. To the extent paragraph 39 of the FAC is construed to include allegations, Allstate denies those allegations.

40. To the extent paragraph 40 of the FAC is construed to include allegations, Allstate denies those allegations.

41. Allstate lacks the requisite knowledge to admit or deny the allegations stated in paragraph 41 of the FAC, and, on that basis, denies the allegations.

## VI. COUNTS

42. To the extent paragraph 42 of the FAC is construed to include allegations, Allstate denies those allegations.

43. To the extent paragraph 43 of the FAC is construed to include allegations, Allstate denies those allegations.

44. To the extent paragraph 44 of the FAC is construed to include allegations, Allstate denies those allegations.

45. To the extent paragraph 45 of the FAC is construed to include allegations, Allstate denies those allegations.

46. To the extent paragraph 46 of the FAC is construed to include allegations, Allstate denies those allegations.

## VII. PRAYER AND RELIEF [sic]

47. Paragraph 47 of the FAC contains no allegations and does not warrant a response, however Allstate denies that Plaintiff is entitled to any relief against it by way of the FAC.

48. As to Paragraph 48 of the FAC, Allstate denies that Plaintiff is entitled to any relief against it by way of the FAC.

49. As to Paragraph 49 of the FAC, Allstate denies that Plaintiff is entitled to any relief against it by way of the FAC.

50. As to Paragraph 50 of the FAC, Allstate denies that Plaintiff is entitled to any relief against it by way of the FAC.

51. As to Paragraph 51 of the FAC, Allstate denies that Plaintiff is entitled to any relief against it by way of the FAC.

52. As to Paragraph 52 of the FAC, Allstate denies that Plaintiff is entitled to any relief against it by way of the FAC.

53. As to Paragraph 53 of the FAC, Allstate denies that Plaintiff is entitled to any relief against it by way of the FAC.

54. As to Paragraph 54 of the FAC, Allstate denies that Plaintiff is entitled to any relief against it by way of the FAC.

55. Paragraph 55 of the FAC contains no allegations and does not warrant a response.

## AFFIRMATIVE AND OTHER DEFENSES

Allstate asserts the following defenses. In asserting these defenses, Allstate does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon plaintiff.

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks Constitutional standing to sue.

### THIRD DEFENSE

Plaintiff lacks Prudential standing to sue.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH DEFENSE**

Plaintiff seeks to hold Allstate liable for the actions of a third-party.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**NINTH DEFENSE**

Plaintiff's claims under the TCPA are unconstitutional.

**TENTH DEFENSE**

Plaintiff's claims against Allstate are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**ELEVENTH DEFENSE**

Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which he now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the FAC.

**TWELFTH DEFENSE**

Plaintiff's claims are barred on the basis of consent.

**THIRTEENTH DEFENSE**

Plaintiff did not receive two or more calls in a 12-month period and, therefore, cannot state a claim under National Do-Not-Call Registry protections.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of good faith.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to any relief because Allstate's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

**SIXTEENTH DEFENSE**

Allstate is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

**SEVENTEENTH DEFENSE**

The damages Plaintiff seeks against Allstate violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**EIGHTEENTH DEFENSE**

Plaintiff's claims against Allstate are barred because the call(s) about which he complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Allstate for such calls would violate its First Amendment rights.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred because Allstate did not engage in willful and/or knowing misconduct.

**TWENTIETH DEFENSE**

The alleged injuries and/or damages sustained by plaintiff are the result of conduct of a person or persons over whom Allstate exercised no control.

**TWENTY-FIRST DEFENSE**

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of an entity or entities that acted outside the scope of their agency and/or breached relevant contractual provisions for which Allstate cannot be held responsible.

**TWENTY-SECOND DEFENSE**

Allstate has complied with all applicable statutes and regulations, thus barring any and all of Plaintiff's claims.

**TWENTY-THIRD DEFENSE**

Plaintiff may not recover on a claim pursuant to 47 U.S.C. § 227(c)(5) unless he registered his own telephone number on the National Do Not Call Registry for more than 31 days prior to the alleged call. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c).

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged damages were not caused by Allstate, but instead by intervening and superseding causes or circumstances.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Allstate did not negligently violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

## TWENTY-NINETH DEFENSE

If Plaintiff is seeking actual damages, Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his damages, if any.

## RESERVATION OF RIGHTS

Allstate states that its investigation into the circumstances underlying this matter is ongoing. Accordingly, Allstate reserves the right to assert additional affirmative and other defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Defendant Allstate Insurance Company prays for judgment as follows:

A. That Plaintiff takes nothing by reasons of his FAC;

B. That judgment be entered against Plaintiff and in favor of Allstate;

C. That Allstate recover all expenses, costs, and attorney fees in connection with this lawsuit; and

D. That the Court grant Allstate such other and further relief as it deems just and proper.

Respectfully Submitted,

*/s/ Susan E. Egeland*

SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT ALLSTATE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in compliance with the Federal Rules of Civil Procedure on October 22, 2025 via ECF notification.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND