IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL GRAHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-1070-RP |
| | § | |
| ALLSTATE INSURANCE COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff's Motion for Voluntary Dismissal. (Dkt. 28). Plaintiff seeks to dismiss with prejudice his claims against all defendants. (*Id.*). Plaintiff's notice is not effective as a voluntary dismissal because at least one defendant filed an answer, (Dkt. 14). The Court therefore will construe Plaintiff's voluntary dismissal as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).

Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

Plaintiff filed his motion six weeks ago on November 27, 2025. No defendant has opposed Plaintiff's request nor filed any other submission. The Court therefore finds that Defendants have not demonstrated that they will be prejudiced by the dismissal of the claims against them.

Accordingly, **IT IS ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**SIGNED** on January 13, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE